**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06-CR-30042-WDS |
| | ) | |
| MELVIN SLUSHER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion for a reduction in sentence on his federal conviction to give him credit for his state conviction (Doc. 42). Also before the Court is defendant's pro se motion for copies (Doc. 41). The defendant was sentenced on October 27, 2006, to a term of 90 months imprisonment and a supervised release term of 3 years.

The defendant seeks to have this Court give him credit for time served on his Missouri state court conviction for robbery, second degree, to allow him to return to his young children. The defendant asserts that he has changed his life, and had received his GED while incarcerated. The defendant was convicted in July of 2001, in St. Louis County, Missouri, of second degree robbery and received a sentence of 10 years. He was placed in the 120 day "Shock Incarceration Program." He was released on October 25, 2001, and put on probation for 5 years. His probation was revoked two times, once in May of 2003, for 30 days incarceration, and finally in September of 2005, when the 10 year sentence originally imposed was executed.

The charge in this case was possession of a firearm by a convicted felon on July 17, 2005, within the Southern District of Illinois. Therefore, the offense charged in this case was

committed while the defendant was on probation on another, non-related offense.

The defendant asserts that he should receive federal credit for part of the time served on his state convictions. The defendant's "federal" time did not begin until he was sentenced in this Court, and it is at the discretion of the Court as to whether he would receive credit for a state court sentence. See, U.S.S.G. §§ 5G1.3, Application Note 3(C); 7B1.3, Application Note 4.

Although the Court is pleased to learn that the defendant has taken advantage of opportunities available to better himself while in federal custody, he is not entitled to credit for time served. Defendant's motion for credit for his state court conviction (Doc. 42) is, accordingly, **DENIED** on all grounds raised.

Defendant's motion for sentencing transcript and docket sheet is granted in part and denied in part (Doc. 41). It is **GRANTED** as to the request for a copy of his docket sheet, and the Clerk of the Court is directed to mail a copy of the defendant's docket sheet in this case to the defendant. That part of the motion which seeks sentencing hearing transcripts is **DENIED**. The defendant has not established a basis for the Court to provide him with transcripts.

**IT IS SO ORDERED.**
**DATE:   22 June,  2011**

　　　　　　　　　　　　　　　　　　　　　　**/s/  WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**